**IN THE COURT OF APPEALS OF IOWA**

No. 15-1823
Filed June 15, 2016

**IN THE INTEREST OF THE MATTER OF K.R.A.,**
Alleged to be seriously mentally impaired,

**K.R.A.,**
Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

K.R.A. appeals from the hospitalization order placing him in a facility for inpatient psychiatric care. **AFFIRMED.**

Michael A. Horn of Kuntz, Laughlin & Horn, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

This case arises out of a civil commitment proceeding under Iowa Code chapter 229 (2015). K.R.A. appeals from a hospitalization order finding him to be "seriously mentally impaired" within the meaning of Iowa Code section 229.1(20) and a placement order continuing inpatient psychiatric treatment. On appeal, K.R.A. challenges the sufficiency of the evidence supporting the hospitalization and placement orders. We review the challenged orders for the correction of legal error. *See* Iowa R. App. P. 6.907; *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998).

We conclude there is substantial evidence supporting the challenged orders. Involuntary hospitalization requires the applicant to prove by clear and convincing evidence the following: (1) the person must be afflicted with a mental illness; (2) the person lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment because of the illness; and (3) the person is likely, if allowed to remain at liberty, to inflict physical injury on the "person's self or others," to inflict emotional injury on certain others, or to suffer physical debilitation or death due to the inability of the person to satisfy the person's needs. *See* Iowa Code § 229.1(20); *In re Foster*, 426 N.W.2d 374, 377 (Iowa 1988). The third element is commonly referred to as the endangerment element. *See J.P.*, 574 N.W.2d at 343-44. Our courts require the endangerment element to be established by a recent overt act, attempt, or threat. *See Matter of Mohr*, 383 N.W.2d 539, 542 (Iowa 1986). In this case, the examining physician testified K.R.A. suffered from mental illness, specifically, post-traumatic stress disorder, anxiety disorder, depression, and neurocognitive disorder (dementia).

The physician testified K.R.A. lacked sufficient judgment, because of his illness, to make rational decisions regarding his treatment, as evidenced by his repeated noncompliance with prescribed medications.  Finally, K.R.A. is a danger to others and himself if allowed to remain at liberty as evidenced by recent overt acts.  The testimony showed K.R.A. was verbally and physically aggressive against his spouse and hospital staff, including throwing his walker on one occasion.  On another occasion, he overdosed on his medication because he could not remember whether he had taken his medication.  The orders of the district court are affirmed without further opinion.  *See* Iowa Ct. R. 21.26(1)(a), (b), (e).

**AFFIRMED.**